## ROPER v. LUNSFORD et al.

### No. 6334.

Court of Civil Appeals of Texas. Texarkana.

March 4, 1948.

Rehearing Denied April 1, 1948.

Thompson, Knight, Harris, Wright & Weisberg, Pinkney Grissom and James E. Henderson, all of Dallas, for appellant.

Gladney & Stephen and Paul S. Colley, Jr., all of Henderson, for appellee.

HALL, Chief Justice.

This is an appeal from an order overruling appellant's plea of privilege. Appellees brought this suit in Rusk County, Texas, against appellant to recover damages for personal injuries sustained by the minor William Franklin Turner while riding as an invited guest in a butane gas truck owned by appellant and driven by Ossie Porterfield, one of appellant's agents, in the course of his employment.

Appellant's point upon which this appeal is based is: "The error of the court in overruling appellant's plea of privilege because appellees failed to plead and prove a cause of action under Art. 6701b of Vernon's Revised Civil Statutes, 1925." (The Guest Statute).

The evidence shows that on or about December 20, 1946, Ossie Porterfield and the brother of William Franklin Turner, minor appellee herein, were drivers of two butane gas tank trucks belonging to appellant, and on said date had gone to Wright City in Rusk County for two truckloads of butane gas to be delivered to appellant's plant in Marshall, Harrison County, Texas. The evidence shows further that the two trucks were loaded at Wright City. and proceeded through the city of Henderson toward Marshall. In the suburbs of Henderson at the Circle Inn the two drivers and William Franklin Turner met and drank some coffee. William Franklin Turner who had accompanied his brother from Marshall to Wright City and back to the Circle Inn left the truck of his brother and got in the truck of Ossie Porterfield to ride with him from the Circle Inn to Marshall, because the truck driven by Ossie Porterfield was equipped with a radio and heater. Porterfield's truck left the Circle Inn just ahead of the other truck, a short time after dark, for Marshall traveling State Highway #43. About eight or ten miles out on the highway from Henderson Porterfield's truck collided with a farm tractor driven by Jimmie Jones, killing Jones and wrecking his tractor and appellant's gas truck. The facts show that the highway along which Porterfield's truck was traveling was over a rolling countryside, up hill and down. William Franklin Turner testified that Porterfield was making a speed of from 60 to 65 miles an hour, the truck fully loaded with butane gas; that Porterfield was driving in his usual manner. Another witness testified that she lived near the place of the wreck; that shortly before it occurred Jones left her home and had started east down the highway in the direction of Marshall, on his right-hand side of the highway with his lights burning; that shortly after Jones had entered the highway she heard appellant's truck coming from Henderson, and her attention was attracted to it on account of the extreme speed at which it was being driven. Her testimony is that the truck when she saw it shortly before the wreck was making around 75 or 80 miles per hour. The farm tractor had proceeded down the road when appellant's truck topped the hill William Franklin Turner testified that he could see the tractor down the highway some 250 yards ahead and that its lights were on and there were no other lights from other cars at that time which prevented Porterfield, the driver of the gas truck, from seeing the tractor. This witness also testified that Porterfield did not apply his brakes before the collision but ran directly into the rear end of the farm tractor. No skid marks were found on the highway near the scene of the wreck. Another witness testified that the tractor was knocked 86 steps and the truck also traveled 86 steps after the collision, and that the truck traveled the last 37 steps after it had bogged down on the shoulder of the highway with its front axle dragging. The

640

truck caught fire after the collision and appellee Turner was burned about the head and feet and was confined in a hospital for 28 days. William Franklin Turner was a boy between 15 and 16 years of age at the time of this accident.

At the request of appellant the trial court filed findings of fact, as follows:

"From the evidence and testimony presented on said hearing, I find that the wreck between the defendant's truck and Jimmie Jones' tractor occurred in Rusk County, Texas, on State Highway No. 43, on December 20, 1946, after the hour of 7 o'clock P.M. That the tractor, operated by Jimmie Jones was traveling East on said highway, on the right side of the highway and close to the right extremity of the pavement, and that its lights were on and visible to any traffic approaching it on the highway from the West. That at the same time Ossie Porterfield, the agent, servant and employee of the defendant, was driving defendant's loaded butane gasoline truck East on said highway and was driving the same at a high and reckless rate of speed, to-wit, 65 miles per hour or more, and drove said truck into and against the rear of the tractor on which the said Jimmie Jones was riding with such force that said tractor was knocked a distance of some 86 steps. That said truck was being driven by the said Ossie Porterfield at such speed that it also traveled a distance of about 86 steps after it had crashed into the rear of said tractor, the last 37 steps of said 86 steps distance being traveled by said truck after it had left the hard surface portion of the highway and its wheels had sunk into the ground so that the axle of said truck was dragging and scraping along the ground. That no effort was made by the driver to put on the brakes or to slow down, and no effort was made by him to turn to pass the tractor on either left or right, though there was ample room to do either. That nothing in any manner occurred to put William Franklin Turner on notice that the defendant's driver intended to drive straight into said tractor, and he had no time to make any outcry until the truck smashed into the tractor.

"That the act of the defendant in so operating such truck was gross negligence, and that the injuries and damages to William Franklin Turner were caused by the heedlessness and reckless disregard by defendant of the rights of others on said highway, and particularly Jimmie Jones who was lawfully using his proper side at the time."

The following conclusion of law of the trial court follows the facts: "The court concludes that plaintiff has made out a prima facie case of gross negligence on the part of defendant in the operation of the truck at the time of the accident; and has made out a prima facie case that the injury and damages to William Franklin Turner were caused by the heedlessness and reckless disregard by defendant of the rights of others in crashing into the Jones tractor on said public highway."

We have concluded that the evidence in this record supports the above findings and conclusion by the trial court. Kirkpatrick v. Neal, Tex.Civ.App., 153 S.W.2d 519; Bowman v. Puckett, 144 Tex. 125, 188 S.W. 2d 571. We do not think that our holding herein is in conflict with the holding in Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142. The facts in that case distinguish it from the facts and circumstances here. In the case at bar there is evidence that appellant's agent Porterfield was driving his truck loaded with a dangerous and inflammable substance known as liquefied petroleum, or butane gas, at a dangerous and unlawful rate of speed over a public State Highway at night; that his conduct on this occasion had been continued for a distance of 8 or 10 miles; and that Porterfield drove said truck at said reckless and unlawful rate of speed into the rear end of Jones' farm tractor, which for 250 yards had been in plain view of him, without applying his brakes or even attempting to bypass said tractor. These facts and circumstances, in our opinion, make a prima facie case of "wanton misconduct or gross negligence" and constitute his acts that of "heedlessness and reckless disregard of the rights of others."

Therefore the judgment of the trial court is in all things affirmed.