76 So.2d 46 (1954)
Kermit N. CONE, Plaintiff-Appellee,
v.
Edgar B. SMITH et al., Defendant-Appellant.
No. 8214.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1954.
Rehearing Denied December 10, 1954.
Writ of Certiorari Denied February 14, 1955.
*47 Jackson, Mayer & Kennedy, Shreveport, Royal H. Brin, Jr., Dallas, Tex., for appellant.
Roy M. Fish, Springhill, Sidney Lee, Texarkana, Tex., for appellee.
GLADNEY, Judge.
In this suit the plaintiff, Kermit N. Cone, seeks recovery of damages arising from an automobile accident in which his wife, Iva Lee Aycock Cone, was killed while riding as a gratuitous passenger in an automobile owned and driven by Edgar B. Smith. Originally Smith and his insurer, Firemen's Insurance Company of Newark, New Jersey, were made parties defendant, but prior to trial plaintiff entered a voluntary dismissal of non-suit as to the defendant insurance company. Following a trial on the merits, judgment was rendered in favor of plaintiff, awarding the sum of $24,000. From this judgment the defendant has appealed, and plaintiff has answered the appeal asking that the award in his favor be increased to $125,349.50, as alleged upon in the petition.
There is little, if any, conflict in the evidence submitted. On February 10, 1952, Edgar B. Smith was driving a Cadillac car when it was in a head-on collision with a motor vehicle driven by a Negro, Elijah Robinson. At the time of the accident Mr. Smith, accompanied by his wife, Pauline Harvill Smith, his minor daughter Chloteel Smith and Mrs. Cone were returning to Springhill, Louisiana, after a visit in San Antonio, Texas. The accident occurred on Texas State Highway No. 21, about twelve miles south of Madisonville, Texas, about nine o'clock P. M. on a clear and dark night.
Smith observed the approaching Robinson vehicle when it was about two hundred yards away. As the two cars were meeting, the Robinson car crossed the center line into *48 the traffic lane being properly used by Smith. When this happened, Smith exclaimed: "That s.b. is going to hit us," whereupon he applied his brakes and turned his car so far to the right his right wheels were over on the shoulder of the highway. Notwithstanding these efforts a head-on collision occurred on Smith's right-hand side of the highway. The Smith automobile immediately caught fire and both Chloteel Smith and Mrs. Cone were burned to death. Smith testified, and in this he is corroborated by Mrs. Smith, that just prior to the collision he was driving at a speed of from at a speed of from eighty-five to ninety miles per hour.
Mrs. Smith testified that a short time before the collision occurred she remarked that her husband was driving too fast and Mrs. Cone said: "He sure is."
The highway was blacktopped and just before sighting the Robinson vehicle, Smith had come over a hill. Prior to that point the road was hilly and curving. Photographs filed in evidence indicate that the collision occurred where the road was slightly downgrade but comparatively straight for a considerable distance eastward from the point of impact.
The pictures plainly show tire impressions of the Smith automobile on the highway leading toward a discolored spot where the collision took place and the Cadillac burned. The tire marks give mute testimony that upon discovering his peril Smith made every effort to avoid the collision by application of his brakes and maneuvering his car far to the right of the road.
Smith had never traveled this particular highway before. The party had had supper at a small place about twenty-five miles from Madisonville, but sometime after leaving that point Smith decided he had erroneously taken the wrong road and returned to the place where they had eaten supper. There he discovered he had been on the right road, after all, and he then, while in a state of aggravation, started back over the same road again. He testified that because it was getting late: "I started driving a right smart faster than I generally drive." Other evidence conclusively established at the time of the collision Elijah Robinson was in a drunken condition. Robinson subsequently died from injuries received in the collision.
Counsel for both litigants concede this appeal presents but two issues for resolution: (1) Whether recovery herein can be had under the Texas Guest Statute, art. 6701b of Vernon's Annotated Civil Statutes of Texas, which statute expressly limits liability for injuries to a gratuitous guest, and (2) if such liability be established under the statute, the measure of recovery.
In determining the liability of the defendant, Smith, the substantive law of Texas is controlling. 60 C.J.S., Motor Vehicles, § 259; Restatement of Conflict of Laws, Sec. 391; Restatement of Conflict of Laws, Sec. 378. These authorities clearly enunciate the rule that the rights and liability of parties arising out of a motor vehicle accident are governed by the law of the state in which the accident occurred. The applicable provisions of the Texas Guest Statute, 6701b, supra, are:
"Liability for injuries to gratuitous guest in motor vehicle limited; public carrier and motor vehicle demonstrators excepted
"Section 1. No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others."
In his petition plaintiff alleged that Smith drove his automobile at a great, excessive and reckless rate of speed; drove his automobile at a speed in excess of fifty-five miles per hour, contrary to law; failed to keep his automobile under proper control; and failed to keep a proper lookout. Such acts and omissions, he further alleged, constitute *49 heedlessness or reckless disregard of the rights of others. The obvious purpose of the latter allegation is to expressly state a cause of action under the Texas Guest Statute.
At the outset we think it proper to observe plaintiff has entirely failed to prove Smith did not keep a proper lookout and did not have his car under proper control. The testimony of Mr. and Mrs. Smith and the physical facts shown in the photographs above discussed, demonstrate the inaccuracy of these averments in the petition.
From undisputed evidence we feel justified in finding that the proximate cause of the accident was the act of Robinson in turning his automobile far to the left on the highway directly in front of Smith's vehicle. It is also clearly shown Smith was alert to the danger and appropriately sought to avoid the collision. Counsel for appellee surmise that had plaintiff not been driving at such a high rate of speed he could have avoided the accident. Such an opinion finds no supporting facts in the record. The Negro's car was turned directly in front of Smith without opportunity to avoid a collision. Such an assumption would be most speculative.
Negligence alone in the operation of a motor vehicle does not give rise to a cause of action; in order to be actionable the negligence must result in injury or damage and then liability may only be imposed if such negligence is the, or a, proximate cause of the injury; that is to saythe injury must be the natural and probable consequence of a negligent act or omission, which an ordinarily prudent man ought reasonably to have foreseen might probably result in injury. See: 60 C.J.S., Motor Vehicles, §§ 251, 252; Railway Express Agency v. Knebel, Tex.Civ.App., 226 S.W.2d 922; Spratling v. Butler, 150 Tex. 369, 240 S.W.2d 1016; Knops v. Ordorica, Tex.Civ. App., 242 S.W.2d 454.
That Smith drove at a great, excessive and reckless rate of speed, which speed was in excess of fifty-five miles per hour, contrary to law, is subject to the requirements of law above stated and the factor of speed in order to create liability must not only cause the injury but must be a proximate cause of the injury. It is admitted that Smith was traveling at a speed of from eighty-five to ninety miles per hour when he first observed the approaching Robinson vehicle. After weighing every implication of this fact we still must find that the conduct of Robinson was the sole cause of the collision and the speed of the Smith vehicle was not a contributing factor.
There is an additional reason liability herein must be denied, and that is, under the jurisprudence of Texas the conduct of Smith would not be regarded as an act of heedlessness or indicative of a reckless disregard of the rights of others within the limits of liability permitted by the Texas Guest Statute. The term "heedlessness or his reckless disregard of the rights of others" appearing in the statute has been construed by the Texas courts as having the same meaning as "gross negligence". Bowman v. Puckett, 1945, 144 Tex. 125, 188 S. W.2d 571; Gill v. Minter, Tex.Civ.App., 1950, 233 S.W.2d 585; Napier v. Mooneyham, Tex.Civ.App., 94 S.W.2d 564. A further definition of the term appears in 2 Torts Restatement 1293, Sec. 500:
"The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him."
The prevailing view of the Texas jurisprudence holds the mere fact that an automobile was operated at a high and excessive rate of speed only raises the issue of ordinary negligence. Crosby v. Strain, Tex.Civ.App., 99 S.W.2d 659; Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234, error dismissed, judgment correct; Rowan v. *50 Allen, 134 Tex. 215, 134 S.W.2d 1022 (Com. App. opinion adopted by Supreme Court); Mayer v. Johnson, Tex.Civ.App., 148 S.W. 2d 454; Wood v. Orts, Tex.Civ.App., 182 S.W.2d 139; Gill v. Minter, Tex.Civ.App., 233 S.W.2d 585; McCarty v. Moss, Tex. Civ.App., 225 S.W.2d 883, error refused, etc.
In Mayer v. Johnson, supra [148 S.W.2d 459], the driver was going at a speed of eighty miles per hour at the time of the accident. In denying recovery under the Guest Statute, the court said:
"That it was negligence to drive at such a high rate of speed as must have been attained by the car cannot be questioned, but under the holdings of our courts in the cases above cited and many others it cannot be said that driving at such a rate of speed, under the circumstances revealed by the record in the case, of itself, is gross negligence. * * *
"Discussing the question of gross negligence, Judge Smedley, in delivering the opinion of the Supreme Court in Texas Pac. Coal & Oil Co. v. Robertson, supra (125 Tex. 4, 79 S.W.2d [830] 831, 98 A.L.R. 262), said: `The person charged with the act or omission cannot be consciously indifferent to the rights or welfare of another unless he knows, or should know, that such another will probably be affected by the act or omission.' Applying that principle to the testimony in this case, in order to charge appellee, Johnson, Jr., with gross negligence, we are required to find from the testimony that, after discovering the bank ahead of him, there was an entire want of care on his part as to whether his friends and invited guests were injured or not. We must say that he was consciously indifferent to their rights or their welfare and, in view of the fact that he, himself, was also in the automobile, that he was likewise consciously indifferent to his own safety. To be consciously indifferent one must be conscious of the fact that he is indifferent at the time and upon the occasion in question, and unless we could say from the testimony in this case that Johnson knew beforehand that the embankment was ahead of him, which we cannot say, because it is not shown by the testimony, we must conclude that during the period of less than two seconds immediately preceding the accident he was consciously indifferent and that he had an entire want of care as to whether the accident occurred or not. The fact that he applied his brakes in a manner sufficiently violent to lock the wheels and skid the car a distance of sixty-three feet shows, we think, that within as short time as could be considered reasonably possible he did all he could to avoid the accident. Instead of showing an entire want of care or a conscious indifference as to the welfare of appellant and the other guests in his car, the testimony shows conclusively that at least immediately preceding the accident he exercised every possible effort to avoid it."
For the purpose of showing that liability accrues under the Texas Guest Statute by reason of gross negligence of Smith, plaintiff has quoted from a number of authorities to sustain that position, and these are: Napier v. Mooneyham, Tex.Civ.App., 1936, 94 S.W.2d 564, writ dismissed; Kirkpatrick v. Neal, Tex.Civ.App., 1941, 153 S.W. 2d 519, writ refused, want of merit; Bowman v. Puckett, 1945, 144 Tex. 125, 188 S.W. 571; Roper v. Lunsford, Tex.Civ. App., 1947, 211 S.W.2d 638, no writ of error history; Burt v. Lochausen, 1952, 151 Tex. 289, 249 S.W.2d 194.
After carefully reviewing the authorities relied upon we find those decisions turned upon different facts and circumstances which are unlike those found herein. In Napier v. Mooneyham, defendant's negligent acts were his excessive speed and his failure to have his car under control. The evidence therein showed defendant was intoxicated and despite the demands of his guest passenger to return her money, so she could return home by bus, and despite the fact that she warned him about driving too *51 fast, defendant continued to drive until he went to sleep and ran into a bridge. In the instant case the evidence clearly proves Smith was not in an intoxicated condition.
The Texas Guest Statute was involved in McMillian v. Sims, Tex.Civ.App., 1937, 112 S.W.2d 793, wherein the gratuitous guest was killed while riding on a truck of the defendant, loaded with gasoline. There the facts were the tanks on the truck were insecure and were allowed to slide back and forth as a result of which a valve was sheared off, allowing the gasoline to escape and explode when defendant's driver fell asleep and permitted the truck to run into a culvert on the edge of the highway. What caused the jury to find the driver grossly negligent was his persistent course of indifference to the insecurity of the tanks, concerning which he had full knowledge as well as the danger resulting therefrom.
In Kirkpatrick v. Neal, the defendant was returning on the same road on which they had previously passed over a narrow bridge located on a curve. Another party in the car and the guest cautioned the defendant about the bridge before they got to it on their way to the beach and again warned defendant on their way back to watch out for the bridge. The evidence indicates there was a large lighted lantern hanging on the upright arm by the side of the bridge and this lantern could be seen for three quarters of a mile. While at the beach plaintiff rejected defendant's proposal of marriage and, apparently angered thereby on the return trip prior to reaching the bridge defendant drove his automobile from seventy-five to eighty miles per hour, ignoring protests and warnings of the plaintiff and the other passenger. Such a continued course of conduct was held to constitute gross negligence.
Bowman v. Puckett presents a guest case in which plaintiff sought to recover damages occasioned by her husband's death. The defendant was shown to have been driving from seventy-five to eighty miles per hour with brakes in a defective condition, which was known to him at the time. Commenting to the effect the judgment for plaintiff was based only on the fact that defendant drove at a high speed with brakes that were liable to grab, it is argued that the holding indicates precious little more than a case of excessive speed. The decision turned on the fact defendant continued on at a high speed knowing he had defective brakes.
In Roper v. Lunsford the defendant was driving his truck loaded with inflammable butane gas on a public highway at night at the rate of sixty-five miles per hour when he observed a tractor some two hundred fifty yards away and notwithstanding this observation, continued forward without lessening his speed and ran into the rear of a lighted farm tractor without applying his brakes or attempting to bypass the tractor. The factors, in addition to the element of speed are obvious and serve to distinguish the case from the one before us.
In the last cited case by plaintiff, that of Burt v. Lochausen, the Supreme Court of Texas reached its conclusion from other facts and circumstances, the decision not resting on speed alone, and the opinion said this [151 Tex. 289, 249 S.W.2d 200]:
"This is not a case of excessive speed alone having caused the accident, and thus being a case of ordinary negligence, but from all the facts and circumstances of this case, as shown by the evidence, we think the jury had a right to find the defendant, Lochausen, guilty of gross negligence. Therefore, the trial court was in error in granting Lochausen's motion for judgment non obstante veredicto, and the Court of Civil Appeals in error in affirming such action."
Forasmuch as counsel have correctly stated in their brief this court must look to the Courts of Texas to find what is the substantive law of Texas, counsel must yield, as we do, to the above quoted appraisal of its own decision by the highest court in Texas.
Each of the above cited cases relied upon by appellee plainly evinces the facts and circumstances besides the element of speed, and the court held the jury was entitled to *52 infer from all of these things a course of continued, persistent action.
That it was an act of negligence, for Smith to drive at such a high rate of speed cannot be denied, but all the conditions and circumstances as disclosed by the record show nothing more. Smith was not guilty of heedlessness and a reckless disregard of the welfare of those in his vehicle.
The judgment from which appealed is therefore, in error, first, because the excessive speed of Smith had no causal connection with the accident as the evidence convinces us the negligence of the other driver, Elijah Robinson, was the sole cause of the accident; and, secondly, we find all the circumstances and facts involved in the instant case do not support a finding that Smith's course of conduct amounted to gross negligence. From these findings it follows there can be no liability of the defendant under the provisions of the Texas Guest Statute.
The judgment from which appealed is annulled and set aside, and plaintiff's demands are rejected at his cost.