HARDY, Judge.
This is an action for damages for personal injuries in which the plaintiffs were originally named as being Sam Mondello and Mrs. Rosa Mondello, husband and wife. However, by motion and order pursuant thereto, the suit of Mrs. Mondello was dismissed and only the claims of Sam Mondello are here at issue. The defendants are Charles Pastiro and his insurer, Travelers Indemnity Company. After trial on the merits there was judgment in favor of defendants, rejecting plaintiff’s demands, from which plaintiff prosecutes this appeal.
The facts are largely undisputed. At or about 1:00 o’clock A.M. on May 4, 1953, plaintiff and his wife, as guests of plaintiff’s brother-in-law and sister, Mr. and Mrs. Charles Pastiro, left Shreveport for a trip to Houston in the Pastiro automobile driven by the defendant, Charles Pastiro. After a brief stop at Lufkin, Texas, the party proceeded to Houston at about 3:00 A.M., Mrs. Pastiro and Mrs. Mondello seated with the driver and the plaintiff sleeping on the back seat. At or about daybreak, near the vicinity of Shepherd, Texas, the car was being driven on a' straight, level concrete highway at a speed of 50 to 60 miles per hour. A drizzling rain, which had been falling for some time, was continuing. At this point the road approached a curve leading to an underpass on a slight downgrade and defendant, Pastiro, noticed two trucks approaching from the opposite direction and thereupon raised his foot from the accelerator, but made no effort to apply the brakes. For some inexplicable reason *65 the automobile began to slide or, as expressed by the testimony of the witnesses, “spin”, causing it to collide with the second of the oncoming trucks. By the force of the collision plaintiff was thrown from the seat to the back floor of the car, rendered unconscious and sustained the injuries which are the basis of this suit.
It has been stipulated that the Texas Guest Statute and the Texas authorities interpreting the same control the law of the case. The appropriate section of the statute, Article 6701b of Vernon’s Annotated Civil Statutes of Texas, reads as follows:
“No person transported over the public highways of this State by the owner or operator of a motor vehicle as his guest without payment for such transportation, shall have a cause of action for damages against such owner or operator for injuries, death or loss, in case of accident, unless such accident shall have been intentional on the part of said owner or operator, or caused by his heedlessness or his reckless disregard of the rights of others.”
Counsel for plaintiff, conceding that under the law of Texas excessive speed alone is not sufficient to remove a case from the operation of the above statutory provision, nevertheless urgently contends that, in the instant case, the speed at which defendant, Pastiro, was driving under the existing conditions, constituted a heedless or reckless disregard of the rights of others. In other words, counsel contends that a speed of SO or 60 miles an hour on a downgrade curve of a wet highway constituted such degree of negligence as justifies recovery by a guest passenger.
In beginning our discussion of this proposition we would point out that there is nothing in the facts of the instant case which indicates that the speed at which the Pastiro automobile was traveling contributed in any degree to the occurrence of the accident. In other words, we think it extremely doubtful that speed, which is the only factor relied upon under the count of negligence, even under the circumstances described, constituted even ordinary negligence, and, certainly, we are convinced that it did not constitute negligence of such degree as would be characterized as heedlessness or reckless disregard of the rights of others on the part of the driver.
We have recently had occasion to consider the application of the Texas Guest Statute in the case of Cone v. Smith, La.App., 76 So.2d 46, in which the Texas authorities were elaborately discussed, and we think our conclusions in the cited case effectively dispose of the issue here tendered. We further observe that the facts of the instant case are not so strong in favor of plaintiff as was true in the cited case.
However, we desire to elaborate somewhat upon the discussion in which we engaged in the Cone case with respect to the holding of the Supreme Court of the State of Texas in Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194, 200, which case is again strongly relied upon by counsel for this plaintiff.
In our appreciation, the holding in the Burt case does not justify the conclusions which have been drawn by counsel for plaintiff in the instant case. The court did not hold that the facts and circumstances evident in the case, coupled with excessive speed, constituted heedlessness or recklessness, but the fullest extent which can be accorded the holding of the court was that the facts and circumstances of the case justified the right of the jury to find the defendant guilty of gross negligence. In other words, the court simply declared, by a closely divided vote, that there was no manifest error in a verdict of the jury in finding liability on the ground of gross negligence. For this reason we do not think the Burt case, even by a most liberal interpretation, can be held as sound authority in support of counsel’s contentions.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.