LOTTINGER, Judge.
By mutual consent of the parties, three damage suits were consolidated for trial with the understanding that the evidence would be applicable to all suits and that separate judgments would be rendered. The three separate petitioners are Bernice C. Edwards, Essie Mae O’Neal and Arnett D. James, Jr. The defendants in all suits are William M. Walker and his insurer, Travelers Indemnity Co.
The present suit was instituted against the said defendants by Bernice C. Edwards. She seeks damages in the sum of $51,304.50 for personal injuries sustained in the accident between a car driven and owned by defendant, William M. Walker, and one operated by Jake Davis. The lower court rendered judgment in favor of petitioner, Bernice C. Edwards, in the sum of $7,851.-50. Judgments were also rendered for the petitioners in the other suits. The defendants have appealed in all three suits.
The record shows that .the accident occurred on Louisiana Highway 168 in the village of Brusly, Louisiana, on November 6, 1954. Shortly prior to the accident, all of the petitioners were guest passengers in the automobile operated by defendant Walker. They were proceeding north on said highway at a speed of some 60 miles per hour or more. A car operated by Jake Davis was proceeding south on said highway at a speed of some 25 miles per hour. Upon reaching the driveway to the Red Hat Saloon, situated on the east side of the highway, Davis suddenly executed a left-hand turn when he was only some 30 feet from the Walker car, and the two vehicles were involved in a head-on collision. The point of impact was on the east, or Walker’s, lane of traffic. The accident resulted in the death of Davis, as well as the injuries claimed by petitioners.
The petitioners claim that Walker was contributorily negligent in two respects: first, in his excessive speed, and second, in his failure to keep a proper lookout and particularly to notice the negligent and erratic driving of Davis shortly prior to the collision
The evidence shows that the Davis vehicle was followed by a car in which Mr. and Mrs. Simoneaux were riding. They were proceeding home from a football game and had passed several vehicles before reaching the Davis car.. Upon approaching the Davis car, it (Davis) pulled some six inches across the center line of the highway in what was apparently an attempt to make a left-hand turn. The Simoneauxs testified that it appeared that the driver was looking for a road on the left side of the highway. Mrs. Simoneaux cautioned her husband not to attempt to pass the car because it appeared the driver was “sick or something.” After the erratic movement on the part of the Davis car, it proceeded in its own, or proper, lane of traffic for a distance of about mile before the sudden left turn which resulted in the fatal accident.
*667 The record shows that defendant Walker had been driving at a speed of at least 60 miles per hour, and had been warned by one of his passengers to slow down. Shortly prior to the impact a car had come out from the driveway in front of the Red Hat Saloon and had entered the highway and proceeded north. Walker had been observing this car, and did not observe the Davis car until it was only 30 feet from him and turning left.
The accident occurred at about 11:30 p.m. on a clear night. The highway on both sides of the scene was straight for some distance, and, according to the police report, the accident occurred in open country.
A strong argument is made by both sides as to the speed of the Walker vehicle. The record discloses that Brusly is an incorporated village of less than 15,000 population. Defendants contend that the ordinance of the village of Brusly which decreased the speed limit to 35 miles per hour is ineffective according to the provisions of LSA-R.S. 32:229. The evidence shows that the speed limit was not posted, the only sign referring to speed was one which read “Stop-Brusly Corp. Limits.” Defendant further contends that the 25 mile per hour speed limit which is applicable to unincorporated village (LSA-R.S. 32:223) would not apply because Brusly is incorporated. However, LSA-R.S. 32:227 provides:
“In addition to the specific speed limitations of this Chapter, no person shall operate any vehicle upon the highways of this state at other than a reasonable and proper speed under the circumstances, or at a speed endangering the persons or property of others * *»
Under the circumstances of this case, we are of the opinion that the speed of Walker was excessive.
However, it does not appear that the speed of Walker was a proximate cause of the accident. We do not believe that there is one bit of evidence in the record which shows that Walker knew, or should have known, of the prior erratic movement of Davis, or which would indicate that he would suddenly make a left-hand turn in the face of the approaching Walker vehicle.
The record discloses, as is shown by the testimony of the Simoneauxs, that about Y müe prior to the impact, the Davis car crossed the center line of the highway for a distance of about six inches. At this time, considering the relative speed of the two vehicles, the Walker car was at least M mile from the Davis car. The record shows that Walker was traveling at about double the speed of Davis, or maybe more. Therefore, it is safe to assume that Walker was Yz mile from the point of impact or about Y mile from Davis at the time of the erratic movement of Davis. Certainly at nighttime a movement of six inches across the center line would not be noticed by a person approaching at a distance of about y. mile away.
The record further reflects that after the so-called erratic movement by Davis, his car returned to its right, or proper lane of traffic, and remained there until the left turn which resulted in the accident. Although we do not believe that Walker could have seen the erratic movement of Davis, conceding that he could, or did see it, we believe that he had the right to assume that Davis would return to his proper lane and remain there, which he did. It was not until the vehicles were only a short distance from each other that Davis turned left directly in the path of the Walker vehicle.
In Grasser v. Cunningham, La.App., 200 So. 658, 660, we held the speed of petitioner not to be a contributing factor to the accident. In that case, the defendant made a left-hand turn into a gravel road in the face of petitioner’s oncoming car. The defendant claimed contributory negligencé on the part of petitioner as petitioner was trav-elling at an excessive rate of speed. The Court said:
*668 "Grasser was going from 40 to 50 miles per hour. This is in excess of the speed limit of 25 miles per hour fixed by Rule 4, Section 3 of Act No. 286 of 1938, Dart’s Gen.Stat. § 5207, for driving motor vehicles through an unincorporated village, such as Areola. However, it is obvious that this speed was not a contributing cause of the accident, as the Grasser car could as well have been struck in the manner it was while going 25 miles per hour just the same as it was going 40 to 50 miles per hour. To say that the Grasser car would not have reached the point of impact as soon as it did had it been going only 25 miles per hour may be true, but to say that the accident would not have occurred had the Grasser car been going only 25 miles per hour is pure speculation.
“The fact that an automobile was going at a greater rate of speed than allowed by law at the time of a collision will not bar a recovery for injuries sustained in the collision if such excessive speed was not a proximate cause of the accident. 4 Blash-field Cyclopedia of Automobile Law and Practice, Perm.Ed., § 2611, p. 399.”
The same holding was applied by the Courts in Michelli v. Rheem Mfg. Company, La.App., 34 So.2d 264 and Cone v. Smith, La.App., 76 So.2d 46.
The record clearly shows that the sole and proximate cause of the accident was the sudden left turn of Davis. Prior to his turn, there was no motion on his part which would indicate to Walker that he intended to make such-a turn. The so-called erratic movement of the Davis car was too remote from the scene of the accident as to place Walker on his guard. The turn by Davis when he was only about 30 feet in front of Walker created a sudden emergency. We do not see how Walker could have avoided the collision.
For the reasons assigned the-judgment of the lower court will be reversed, and there will be judgment in favor of defendants, dismissing petitioner’s demand. All costs will be paid by petitioner.
Judgment reversed.