The Honorable Jonathan S. Fitch State Senator Route 1 Hindsville, Arkansas 72738
Dear Senator Fitch:
This is in response to your request for an opinion on the following questions:
 1. Is it legal for the city council of a first-class city to use city funds (in any form) to make grants to, or investments in, nonprofit entities, i.e., charitable service organizations?
 2. Is it legal for a city to use city funds (in any form) to make grants to, or investments in, school sponsored events or school systems in general?
A conclusive response to your first inquiry requires consideration of the particular entity in question. I have, however, enclosed several opinions (A.G. Opinion Numbers 88-114, 86-205 and 86-198) which address the legality of county and city grants to certain organizations. The analysis, which focuses primarily upon Article12, Section 5 of the Arkansas Constitution,[1] applies with equal force to county and city expenditures.
As noted in these opinions, the case law in this area indicates that Article 12, 5 should not be so strictly interpreted as to prohibit a governmental entity from appropriating funds to support quasi-public entities which have been constituted to carry out duties and responsibilities which could properly be executed by the governmental entity. See, Bourland v. Pollock, 157 Ark. 538,249 S.W.2d 360 (1923). In the Bourland case, the court approved the City of Fort Smith's appropriation of a monthly sum to the Fort Smith Federated Welfare Association, a non-incorporated association composed of city officials and representatives of various civic and charitable organizations within that municipality. A city's donation to a Community Chest was approved in Neel v. City of Little Rock, 204 Ark. 568, 153 S.W.2d 525
(1942), although it should be noted that the Arkansas Supreme Court subsequently characterized this case as a situation where surplus money was allowed to be given to a public charity, saving the city from making certain expenditures. See Halbert v. Helena-West Helena Industrial Development Corporation, 226 Ark. 620,291 S.W.2d 802 (1956). The court in Halbert, supra, refused to approve a county's grant of financial aid to a local, private non-profit development corporation.
The enclosed opinions, and the cases discussed in the opinions, should offer general guidance in this area, as well as specific guidance with respect to the particular entities addressed therein.
With regard to your second question involving the use of city funds for schools, the General Assembly has addressed this matter in A.C.A. 14-58-501 et seq. Section 14-58-501 states as follows:
 Incorporated towns and cities of the first or second class in the State of Arkansas are empowered and authorized annually to grant financial aid to any public school district in which the town or city is located for the purpose of assisting the school district in retiring school bonds or paying the operating expenses of the district.
Section 14-58-502 must also be considered wherein it states:
 Financial aid granted and paid to public school districts shall be paid out of any funds received by the town or city. However, payments shall not be made from the regular city taxes collected by the county or state for the town or city. [Emphasis added.]
It thus appears that grants of financial aid to public school districts are authorized, so long as payments are not made from "regular city taxes collected by the county or state" for the city.[2] With regard to school sponsored events, it may be concluded that to the extent the event in question is an "operating expense of the district," grants may be made. This will, however, involve a factual question in each instance.
It should be noted, finally that the legislature has also authorized, but not required, municipally owned utilities to compensate public school districts for the loss of taxes resulting from the utilities' tax-exempt status. Under A.C.A.14-199-102(b)(1), the city council may authorize payments in lieu of taxes to a school district, all or a portion of which is within city limits, if some or all of the city's electric utility system is within the district boundaries. The payments may be made only from surplus electric revenues, as defined, and cannot exceed the amount that would otherwise be due the school district in taxes.
The foregoing opinion, which I hereby approve, was prepared by Attorney General Elisabeth A. Walker.
[1] This constitutional provision states: No county, city, town, or other municipal corporation shall become a stockholder in any company, association or corporation; or obtain or appropriate money for, or loan its credit to any corporation, association, institution, or individual.
[2] The terms of assistance are set forth under A.C.A. 14-58-503. The grant must be made by resolution fixing the amount and time of the payments; the resolution is effective for twelve (12) months; and the payments cannot exceed the annual revenue from which the funds are paid. A.C.A. 14-58-503(a) through (c).